IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CODY MARTINEZ, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:23-CV-2249-D |
| VS. § | |
| § | |
| GEORGE THOMAS PHILLIPS, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Cody Martinez ("Martinez") moves under Fed. R. Civ. P. 41(a)(2) to voluntarily dismiss this removed action without prejudice. Defendants George Thomas Phillips, J.T.T. Equipment Leasing, LLC, Justin Time Holdings, LLC, and Justin Time Transportation, LLC oppose the motion. For the reasons that follow, the court unconditionally grants the motion and dismisses this action without prejudice.

I

Martinez, a citizen of Texas, sued defendants, all citizens of Arkansas, in Texas state court in the summer of 2023, alleging negligence-based claims arising from injuries he incurred in a motor vehicle collision. Defendants answered the petition and, on October 11, 2023, they removed the case to this court based on diversity jurisdiction.

On September 14, 2023—before defendants removed this case—Martinez was sued in state court by the family of an individual killed in the collision. In their petition, the family gave notice that their action was related to Martinez's state-court action and asserted

that consolidation of their case with Martinez's case would facilitate the orderly and efficient disposition of the litigation.

Martinez now moves under Rule 41(a)(2) to voluntarily dismiss this action without prejudice, with the intention of refiling the claims he asserts in this lawsuit in the suit that the family has filed against him. Defendants oppose the motion, which the court is deciding on the briefs, without oral argument.

II

A

Under Rule 41(a)(2), after a defendant has answered, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Rule 41(a)(2); *see In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010). Unless the order states otherwise, the dismissal is without prejudice. Rule 41(a)(2).

"The basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." *Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 202 (N.D. Tex. 1988) (Fitzwater, J.) (quoting *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)). Voluntary dismissals "should be freely granted unless the non-moving party will suffer some plain legal prejudice." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). "Plain legal prejudice may occur when the plaintiff moves to dismiss a suit at a late stage of the proceedings or seeks to avoid an imminent adverse ruling in the case, or where a

subsequent refiling of the suit would deprive the defendant of a limitations defense." *Harris v. Devon Energy Prod. Co., L.P.*, 500 Fed. Appx. 267, 268 (5th Cir. 2012) (per curiam) (citing *In re FEMA Trailer*, 628 F.3d at 162). "[T]he mere prospect of a second lawsuit" and the "additional expense . . . incurred in relitigating issues in another forum" are insufficient for plain legal prejudice. *Elbaor*, 279 F.3d at 317 & n.3.

The Fifth Circuit considers several factors when determining whether a grant of voluntary dismissal is appropriate: (1) the defendant's effort and the expense involved in preparing for trial, (2) whether there is excessive delay and lack of diligence by the plaintiff in prosecuting the action, (3) whether the plaintiff has sufficiently explained the need to take a dismissal, and (4) whether the defendant has filed a motion for summary judgment. *Id.* at 318 n.3 (citing *Witzman v. Gross*, 148 F.3d 988, 992 (8th Cir. 1998)).

B

Because permitting Martinez to dismiss this action without prejudice will not cause defendants to suffer plain legal prejudice, the court grant's Martinez's motion for voluntary dismissal without prejudice.

Martinez has not waited to seek dismissal until a late stage of the proceedings, after defendants have exerted significant time and effort. He filed the instant motion within two months of the date the case was removed, no dispositive motions have been filed, and discovery has not begun. There are no imminent adverse rulings that Martinez seeks to avoid. And defendants acknowledge that their objections to voluntary dismissal are not based on excessive delay or lack of diligence by Martinez. The Fifth Circuit has held that

voluntary dismissal in favor of state court litigation did not give rise to plain legal prejudice when "only seven months had elapsed between removal and the motion to dismiss, no dispositive motions had been filed, and depositions had not begun." *John M. Crawley, LLC v. Trans-Net, Inc.*, 394 Fed. Appx. 76, 79 (5th Cir. 2010) (per curiam). The court therefore concludes that there is no showing of plain legal prejudice that precludes voluntary dismissal without prejudice.

Martinez has also sufficiently explained the need for dismissal: he intends to refile his claims against defendants in the family's state-court action, for the purpose of efficiently adjudicating all claims arising out of the collision. District courts in the Fifth Circuit have previously granted motions for voluntary dismissal in similar scenarios, finding that doing so created no plain legal prejudice. *See, e.g.*, *Thompson v. Phillips 66 Co.*, 2023 WL 7414567, at *2-4 (S.D. Tex. Nov. 9, 2023) (Rosenthal, J.) (granting motion for voluntary dismissal so that plaintiff could assert his claims alongside another plaintiff in pending state-court case). As in *Thompson*, defendants "do not argue that they are at risk of losing a defense if this case is dismissed and the litigation proceeds in the state court," nor do they "argue that having to try the case in state rather than federal court is plain legal prejudice." *Id.* at *3. Thus no plain legal prejudice would arise from voluntary dismissal without prejudice.

Accordingly, the court concludes that it should grant Martinez's motion for voluntary dismissal, because there has been no showing that dismissal without prejudice will cause defendants plain legal prejudice.

III

The court considers next whether it should impose conditions on the dismissal.

A

"If the district court determines that an unconditional dismissal will cause the defendant plain legal prejudice, it may either deny the motion to dismiss or impose conditions that will cure the prejudice." *Harris*, 500 Fed. Appx. at 268 (citation omitted). "Allowing the court to attach conditions to the order of dismissal prevents defendants from being unfairly affected by such dismissal." *Radiant Tech. Corp.*, 122 F.R.D. at 202 (citing *LeCompte*, 528 F.2d at 604). "[T]he court is permitted through Rule 41(a)(2) to impose any conditions it finds proper, which may include a requirement that plaintiff bear defendant's attorney fees and costs." *Greyhound Lines, Inc. v. Younan Props., Inc.*, 2008 WL 2340219, at *3 (N.D. Tex. June 9, 2008) (O'Connor, J.) (citing *Mortg. Guar. Ins. Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 300 (5th Cir. 1990)). "However, the conditions imposed, if any, should only include what is necessary to eliminate the harm done to the defendant." *Id.* (citing *LeCompte*, 528 F.2d at 605).

"Thus, an important factor in the court's determination of whether to condition dismissal upon plaintiff's payment of attorney fees depends on the amount of discovery and the extent to which various pretrial motions have been filed." *Id.* (citations omitted). "For a suit still in the pretrial stage, the absence of extensive trial preparation and discovery proceedings usually indicates that the defendant will not suffer significant harm by dismissal of the case." *Id.* (citation omitted).

B

Defendants request that the court order Martinez to reimburse them for attorney's fees and costs incurred in preparing the notice of removal, conferencing with Martinez, and preparing the parties' joint scheduling proposal. The court declines to do so. Martinez filed for dismissal early in the pretrial phase, defendants have filed no motions, and neither discovery nor trial preparation has begun in this case. Furthermore, "[i]n light of the fact that a party may bring suit against whomever it chooses . . . the court does not find significant harm in [defendants] having to defend [themselves] up to this point." *Id.* at *4.

Accordingly, the court denies defendants' request for a dismissal conditioned upon Martinez's payment of their attorney's fees and costs.

\*   \*   \*

The court unconditionally grants Martinez's motion and dismisses this action without prejudice by judgment filed today. Each party shall bear the party's own individual taxable costs incurred in this court.

**SO ORDERED**.

January 11, 2024.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE